1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CORNELIUS L. JONES,                    No.  2:19-cv-1160 WBS DB P

12                   Petitioner,

13         v.                               ORDER

14   W. J. SULLIVAN,

15                   Respondent.

16

17         Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2014 convictions for attempted

19   murder, assault with a deadly weapon, and assault likely to cause great bodily injury.  Presently

20   before the court is petitioner's motion to proceed in forma pauperis (ECF No. 2), motion to

21   amend (ECF No. 6), and motion for stay (ECF No. 10).

22                              **IN FORMA PAUPERIS**

23         Examination of the in forma pauperis application reveals that petitioner is unable to afford

24   the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

25   28 U.S.C. § 1915(a).

26                              **MOTION TO AMEND**

27         Petitioner initiated this action by filing the original petition on June 24, 2019.  (ECF No.

28   1.)  After filing the original petition, petitioner moved to amend the petition and concurrently

                                          1

filed an amended petition. (ECF Nos. 6, 7.) Petitioner states that he did not attach his exhibit to the original complaint to substantiate his argument.

The court will grant the motion to amend because as a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal); see also Rule 12, Rules Governing Section 2254 Cases (The Federal Rules of Civil Procedure apply to habeas proceedings "to the extent they are not inconsistent with any statutory provisions or the rules."). All further references to the petition shall be to the amended petition (ECF No. 7). The court will screen the amended petition by separate order.

**ALLEGATIONS IN THE PETITION**

Petitioner states he is challenging his November 20, 2014 conviction in the Sacramento County Superior Court. (ECF No. 7 at 1.) Following a trial, petitioner was found guilty of attempted murder, assault with a deadly weapon, and assault with force likely to cause great bodily injury. (Id.) Petitioner has raised two grounds for relief. He claims he did not receive a fair trial because the prosecutor violated his rights under Batson[1] and there was insufficient evidence to support the attempted murder conviction. (Id. at 5-7.)

**MOTION FOR STAY**

Petitioner requests a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), so that he can exhaust state remedies on his unexhausted claims. (ECF No. 10.) In support of his request, petitioner alleges that he did not have full access to the record until his appeal was complete. Petitioner additionally states there are issues he wanted to raise, but his appellate counsel refused to raise those issues on direct appeal. He further states that he filed an ineffective assistance of counsel claim in the Sacramento Superior Court simultaneously with the instant federal petition.

////

---

[1] In Batson, the court found that striking a prospective juror because of racial bias violates the Fourteenth Amendment's equal protection guarantee. Batson v. Kentucky, 476 U.S. 76, 85 (1986) ("Exclusion of black citizens from service as jurors constitutes a primary example of the evil the Fourteenth Amendment was designed to cure.").

Petitioner requests additional time and a stay to explore this unexhausted ineffective assistance of claim. (ECF No. 10 at 2.)

## I. Legal Standards

There are two procedures available to petitioner should he wish to proceed with exhausted and unexhausted claims for relief. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that "a district court may stay a mixed petition and hold it in abeyance to allow the petitioner to return to state court and present his unexhausted claims." Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) (citing Rhines, 544 U.S. at 275-76). Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the Ninth Circuit held that a district court may stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063).

The "Kelly procedure," has been described by the Ninth Circuit as involving a three-step process:

(1) Petitioner amends his petition, deleting any unexhausted claim;

(2) The court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and

(3) Petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner proceeding under the Kelly procedure may be able to amend the petition to include the newly exhausted claims if they are timely under the statute of limitations governing federal habeas petitions.[2] If the claims are not timely, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a

---

[2] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period begins to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

3

'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" King, 564 F.3d at 1141 (internal citations omitted).

Under Rhines, a district court may stay a petition containing exhausted and unexhausted claims if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

**II.    Analysis**

Petitioner specifically requested a Rhines stay in his motion requesting a stay. (ECF No. 10.) However, it appears that both grounds for relief alleged in the petition, have been exhausted.[3] The petition is wholly exhausted and therefore the court declines to impose a stay pursuant to Rhines. See Rhines, 544 U.S. at 277-78; Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) ("Rhines applies to stays of mixed petitions"); Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).

While a Kelly stay may be appropriate, the court declines to impose a stay pursuant to Kelly without further input from the petitioner. Additionally, in informing petitioner that he may seek a stay pursuant to Kelly, the court makes no guarantee that any claims petitioner seeks to add later would be appropriate or timely under Mayle v. Felix, 545 U.S. 644 (2005).

Petitioner may file a motion for stay pursuant to Kelly seeking to stay this action pending exhaustion of his unexhausted claim. Alternatively, petitioner may file an amended petition

////

---

[3] The petition for review filed in the California Supreme Court is attached as an exhibit to the petition. (See ECF No. 7 at 18-44.) Both grounds alleged in the petition were raised before the California Supreme Court and have thus been exhausted. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

adding his unexhausted claim along with a renewed motion seeking a <u>Rhines</u> stay showing both good cause and potential merit.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma paupers (ECF No. 2) is granted.

2. Petitioner's motion to amend (ECF No. 6) is granted. This action now proceeds on the amended petition (ECF No. 7).

3. Petitioner's motion for stay (ECF No. 10) is denied without prejudice.

4. Petitioner is granted thirty days from the date of service of this order to file <u>either</u>:

    a. A motion for stay of this action pursuant to <u>Kelly</u> while petitioner exhausts state court remedies for the unexhausted claims; or

    b. An amended petition along with a motion to stay this action pursuant to <u>Rhines</u> while he exhausts state remedies for the unexhausted claims.

5. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: October 24, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/jone1160.stay

5