UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS L. JONES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>W. J. SULLIVAN,<br><br>　　　　　Respondent. | No. 2:19-cv-1160 WBS DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2014 convictions for attempted murder, assault with a deadly weapon, and assault likely to cause great bodily injury. Presently before the court is petitioner's request for stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) and respondent's statement of non-opposition. For the reasons set forth below, the court will recommend that this action be stayed.

**I.　　Background**

　　　This action proceeds on petitioner's amended petition. (ECF No. 7.) Petitioner is challenging his November 20, 2014 conviction in the Sacramento County Superior Court. (ECF No. 7 at 1.) He claims that he did not receive a fair trial because the prosecutor violated his rights

////

////

1

under Batson[1] and there was insufficient evidence to support the attempted murder conviction. (ECF No. 7 at 5-7.)

After filing the petition, petitioner filed a motion for stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 10.) The court determined that the petition did not contain any unexhausted claims, provided petitioner with information regarding stays pursuant to Rhines and Kelly, and denied the motion for stay without prejudice. (ECF No. 12.) Petitioner thereafter filed a renewed motion for stay pursuant to Kelly. (ECF No. 13.) The court then directed respondent to file a response to petitioner's motion for stay. (ECF No. 14.)

## II. Motion for Stay

### A. Petitioner's Motion and Respondent's Response

Petitioner requested a stay of this action pursuant to Kelly. (ECF No. 13.) He also stated that he is currently pursuing habeas relief in the California state courts.

The court directed respondent to file a response to petitioner's motion for stay. (ECF No. 14.) Respondent does not oppose a Kelly stay. (ECF No. 17.)

### B. Legal Standards

Under Kelly, a district court may stay a habeas petition setting forth only exhausted claims in order to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). The "Kelly procedure," has been described by the Ninth Circuit as involving a three-step process:

(1) Petitioner amends his petition, deleting any unexhausted claim;

(2) The court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and

////

---

[1] In Batson v. Kentucky, 476 U.S. 76 (1986), the Supreme Court found that striking a prospective juror because of racial bias violates the Fourteenth Amendment's equal protection guarantee. See Batson, 476 U.S. at 85 ("Exclusion of black citizens from service as jurors constitutes a primary example of the evil the Fourteenth Amendment was designed to cure.")

2

(3) Petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner proceeding under the Kelly procedure may be able to amend the petition to include the newly exhausted claims if they are timely under the statute of limitations governing federal habeas petitions.[2] If the claims are not timely, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" King, 564 F.3d at 1141 (internal citations omitted).

**C. Discussion**

Petitioner has alleged that he did not have full access to the record until his direct appeal was complete. (ECF No. 10.) He states that he is presently pursuing an ineffective assistance of counsel claim in state court and there are other issues he wanted to raise on direct appeal that were rejected by his counsel. Petitioner seeks a stay so that he may pursue his unexhausted ineffective assistance of counsel claim. Respondent does not oppose the imposition of a Kelly stay.

Because the petition contains only exhausted claims and respondent is not opposed, the court will recommend that this action be stayed. Additionally, in recommending this action be stayed the court makes no determination that the claims petitioner seeks to add are appropriate or timely under Mayle v. Felix, 545 U.S. 644 (2005).

Petitioner will be instructed to file status reports of his progress through the state courts. Once the California Supreme Court renders its opinion, provided the opinion is a denial of relief, petitioner must file an amended petition including all of his exhausted claims. He is forewarned

////

---

[2] The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period begins to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

3

that claims may be precluded as untimely if they do not comport with the statute of limitations set forth in 28 U.S.C. § 2244(d).

**III.     Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for stay (ECF No. 13) be granted.
2. These proceedings be stayed pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) pending exhaustion of state remedies.
3. Petitioner be directed to file an initial status report of his progress in the state courts no later than sixty (60) days after the date of service of this order, and then to file periodic status reports every ninety (90) days thereafter until exhaustion is complete.
4. Petitioner be directed to file an amended petition in this court including all exhausted claims within thirty (30) days after service of the final order of the California Supreme Court.
5. The Clerk of the Court be directed to administratively close this case for purposes of case status pending exhaustion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within forty-five (45) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within thirty (30) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 31, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/jone1160.stay.fr