UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS L. JONES,<br><br>  Petitioner,<br><br>  v.<br><br>W. J. SULLIVAN,<br><br>  Respondent. | No. 2:19-cv-1160 WBS DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2014 convictions for attempted murder, assault with a deadly weapon, and assault likely to cause great bodily injury. Presently before the court is petitioner's request for the stay to be lifted (ECF No. 22) and his motion to appoint counsel (ECF No. 23). For the reasons set forth below the court will recommend that the stay be lifted and deny the motion to appoint counsel.

**I.   Motion to Lift the Stay**

This action proceeds on petitioner's amended petition. (ECF No. 7.) Petitioner challenges his November 20, 2014 conviction in the Sacramento County Superior Court. (ECF No. 7 at 1.) He claims that he did not receive a fair trial because the prosecutor violated his rights

////

////

1

1    under Batson[1] and there was insufficient evidence to support the attempted murder conviction.

2    (ECF No. 7 at 5-7.)

3    After filing the petition, petitioner filed a motion for stay pursuant to Rhines v. Weber,

4    544 U.S. 269 (2005).  (ECF No. 10.)  The court determined that the petition did not contain any

5    unexhausted claims, provided petitioner with information regarding stays pursuant to Rhines and

6    Kelly, and denied the motion for stay without prejudice.  (ECF No. 12.)  Petitioner thereafter filed

7    a renewed motion for stay pursuant to Kelly.  (ECF No. 13.)  The court granted petitioner's

8    motion for stay and this case was administratively closed.  (ECF Nos. 18, 20.)

9    Petitioner has now filed a motion requesting to move forward with this action.  (ECF No.

10   22.)  Therein, petitioner states the state court action has concluded and he does not wish to add

11   any additional claims to the petition.  Petitioner further states that he does not wish to amend the

12   petition to add any previously unexhausted claim to his petition.  The court construes plaintiff's

13   request as a motion to lift the stay.  Respondent has not filed an opposition or statement of non-

14   opposition.  Accordingly, the court will recommend that the stay be lifted, this action reopened,

15   and respondent be directed to file a response to the amended petition.

16   **II.    Motion to Appoint Counsel**

17   Petitioner has requested the appointment of counsel.  (ECF No. 23.)  In support of his

18   motion he states the case is too complex for him to be able to represent himself, he does not know

19   federal law, and due to the COVID-19 pandemic his law library access has been very limited.

20   There currently exists no absolute right to appointment of counsel in habeas proceedings.

21   See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A

22   authorizes the appointment of counsel at any stage of the case "if the interests of justice so

23   require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not

24   find that the interests of justice would be served by the appointment of counsel at the present

25   time.  Accordingly, the court will deny petitioner's motion to appoint counsel without prejudice.

---

[1] In Batson v. Kentucky, 476 U.S. 76 (1986), the Supreme Court found that striking a prospective juror because of racial bias violates the Fourteenth Amendment's equal protection guarantee.  See Batson, 476 U.S. at 85 ("Exclusion of black citizens from service as jurors constitutes a primary example of the evil the Fourteenth Amendment was designed to cure.")

**III.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to appoint counsel (ECF No. 23) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to lift the stay (ECF No. 22) be granted;

2. The stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) be lifted;

3. The Clerk of the Court be directed to reopen this action; and

4. Respondent be directed to file a response to the amended petition (ECF No. 7).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within forty-five (45) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within thirty (30) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 17, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/jone1160.stay.lift

3