UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS L. JONES, | No. 2:19-cv-1160 WBS DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| W. J. SULLIVAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2014 convictions for attempted murder, assault with a deadly weapon, and assault likely to cause great bodily injury. Presently before the court is petitioner's motion to dismiss and request for counsel. (ECF No. 34.)

**I.   Background**

On August 31, 2021 the undersigned issued an order to show cause because respondent had failed to timely file an answer or motion to dismiss. (ECF No. 28.) Respondent has filed a response indicating that the failure to timely respond was due to an inadvertent mistake. (ECF No. 30.) Respondent has further indicated that a response to the petition will be filed so as to avoid further delay. The court discharged the order to show cause (ECF No. 31) and respondent filed an answer on September 14, 2021 (ECF No. 32).

## II. Motion to Dismiss

Petitioner has now filed a motion asking the court to dismiss the case based on respondent's late filed response to the petition. (ECF No. 34.) He states the order show cause was lifted and an answer was filed before he had a chance to go to the law library or prepare a response. (ECF No. 34 at 1.) He claims that if he were to violate time recommendations he would be barred from the courts with prejudice. He argues that any delay should be treated as an abuse of the writ process and thus grounds for dismissal. He requests that the court dismiss the State's case with prejudice.

Because petitioner asks for relief based on respondent's failure to timely file an answer, the court construes the motion to dismiss as a motion for default judgment. It is clear that a failure by the State to timely file a response to the allegations in a habeas petition does not entitle petitioner to default judgment. See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (respondent's failure to timely respond to the petition does not entitle petitioner to default); United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (default judgment is not an appropriate remedy for a state's failure to answer a habeas petition). Additionally, since respondent has already filed an answer petitioner cannot show he was prejudiced by the delay. Thus, the court will recommend that petitioner's motion be denied.

## III. Request for Counsel

Petitioner asks that if the court will not grant his motion to dismiss the state's case, that the court appoint him counsel due to the COVID-19 pandemic. (ECF No. 34 at 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, the court will deny petitioner's request for counsel.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's request for counsel (ECF No. 34) is denied.

IT IS HEREBY RECOMMENDED that plaintiff's motion to dismiss (ECF No. 34) be construed as a motion for default judgment and denied.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 14, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/jone1160.def